**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Bon Secours St. Francis Xavier Hospital**,**<br>and Care Alliance Health Services, Inc.<br>d/b/a Roper St. Francis Healthcare,<br>Cogdell Investors (Charleston), LLC, and<br>HKS, Inc.<br><br>                       Plaintiffs,<br><br>      vs.<br><br>Security Insurance Company of Hartford,<br>and Lexington Insurance Co.,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 2:06-3090-CWH**<br><br><br>**ORDER** |

This dispute arises out of the construction of Bon Secours-St. Francis Xavier Hospital ("Bon Secours") and two medical office buildings located in Charleston, South Carolina. In 2004 and 2006, the plaintiffs commenced three state court actions against the general contractor of the buildings, various subcontractors who worked on the buildings, the architect of the buildings, and manufacturers of materials used in the buildings. The plaintiffs raise faulty workmanship, professional negligence, and product liability claims.

In 2006, the plaintiffs commenced this state court action under South Carolina's Declaratory Judgment Act against the same parties named in the three liability actions. The plaintiffs seek declaratory judgments that HKS, Inc. ("HKS"), the architect who designed the buildings, is entitled to coverage under policies issued to HKS by Lexington Insurance Company ("Lexington") and Security Insurance Company of Hartford ("Security") for liability arising from the state court actions.

Lexington and Security removed the declaratory judgment action to this Court. On

November 3, 2006, Lexington moved to dismiss the action for failing to state a case or controversy.  Security and STO, Corp. (a defendant subcontractor) joined the motion.  STO, Corp. ("STO") also moved to dismiss for the failure to state a claim against it.  On November 16, 2006, the plaintiffs filed an opposition to the motions and a motion to remand alleging that complete diversity does not exist between the plaintiffs and the defendant subcontractors.  The plaintiffs also requested the Court to exercise its discretion and dismiss the declaratory judgment action based on the potential entanglement with the related state court actions disputing liability.  On December 18, 2006, Lexington and Security filed an opposition to the motions to remand and dismiss arguing that the plaintiffs fraudulently joined the defendant subcontractors to defeat diversity jurisdiction and that the Court should not decline jurisdiction over the action because the coverage issues implicated in this action are not similar to the liability issues raised in the state court actions.

On February 1, 2006, the Court heard the motions.  During the hearing, the Court held that the plaintiffs' action presents a case or controversy, and it denied Lexington, Security, and STO's motions to dismiss.  The Court also determined that resolving the issues presented in this action will not cause entanglement with the resolution of the issues raised in the state court liability actions.  As a result, the Court denied the plaintiffs' motion to dismiss.

Upon consideration of the motion to remand, the Court undertook the analysis, pursuant to the principle purpose test, to determine whether it should realign the parties according to their positions based on the primary issue involved in the action.  *See* United States Fidelity and Guaranty Co. v. A&S Manufacturing Co., 48 F.3d 131, 133 (4th Cir. 1995)(adopting the principle purpose test to determine the proper alignment of parties in an action arising under diversity

jurisdiction).  The primary issue raised in the action is whether Lexington and Security must provide coverage to HKS for its alleged negligent design of the buildings.  A declaration that the policies provide coverage to HKS would benefit the plaintiffs, HKS, and the subcontractor defendants.  As a result, the Court realigned the subcontractor defendants and HKS as plaintiffs.

Lexington and Security are Delaware corporations and Delaware citizens.  At the hearing, the parties indicated that one subcontractor defendant was also a Delaware citizen defeating diversity jurisdiction.  However, the plaintiffs subsequently consented to dismiss all of the subcontractor defendants.  As a result, complete diversity exists between the original plaintiffs, the realigned plaintiff, HKS, and the remaining defendants, Lexington and Security.

Accordingly, the Court denies the motion to dismiss alleging the failure to present a case or controversy, the motion to remand alleging a lack of diversity jurisdiction, and the motion requesting the Court to decline jurisdiction over the action.  With the consent of STO, the plaintiffs dismissed it from the action, and STO's motion to dismiss for the failure to state a claim is moot.

**AND IT IS SO ORDERED**.

_C. Weston Houck_
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 6, 2007
Charleston, South Carolina